July 1, 2026

**Supreme Court**

No. 2025-158-Appeal.
(KC 23-872)

Bryan Edward Menge                    :

v.                            :

GEICO General Insurance Company    :
            et al.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Bryan Edward Menge          :

v.                          :

GEICO General Insurance Company    :
          et al.

Present: Suttell, C.J., Robinson, Lynch Prata, Long, and Flaherty (ret.), JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The self-represented plaintiff, Bryan Edward Menge, appeals from judgments entered in favor of the defendants, GEICO General Insurance Company (GEICO) and Main Street America Assurance Company (MSAA) (collectively, defendants), following a hearing justice's grant of the defendants' motions for summary judgment. The plaintiff also challenges two Superior Court orders severing his claims for breach of the implied covenant of good faith and fair dealing and his claims of statutory bad faith from his breach of contract claims. Finally, he claims the Superior Court erred when it denied his motion to compel the fifth production of documents from GEICO.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and

- 1 -

reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgments of the Superior Court.

# I

## Facts and Travel

The plaintiff was "the manager and lead carpenter for Bryan E Menge Construction." At some point, plaintiff obtained an insurance policy, titled "Businessowners Coverage Form[,]" from MSAA that was in effect from January 1, 2013, to January 1, 2014.

On September 30, 2013, plaintiff was in a vehicle, a 1995 Mazda owned by one Barry Johnson, stopped at a traffic signal, when he was struck in the rear by a 2007 Hyundai Sonata (the accident), driven by Rene Mathieu, Jr. and owned by Desiree Mathieu (collectively, the Mathieus). The force of that collision caused plaintiff's vehicle to hit another car that was stopped in front of him, a 2012 Subaru that was operated by Mira Park and owned by Michael Park (collectively, the Parks). Both the vehicle plaintiff was operating and that of the Mathieus were totaled as a result of the accident. The Mathieus were covered by a motor vehicle insurance policy issued by GEICO.

The plaintiff claimed to have suffered several "musculoskeletal maladies" as a result of that accident, including "[l]ong-term chronic back pain[,]" "[b]outs of

abdominal discomfort and pressure[,]" and "severe chronic pain in his pelvis, abdomen, and neck." He alleged that his medical bills to deal with those issues have totaled over $75,000, and that he has lost in excess of $250,000 in income.

In 2016, plaintiff brought an action against the Mathieus in a related case (KC 2016-625) (the related action). On September 29, 2023, he filed the instant action against GEICO directly, as well as MSAA, in Kent County Superior Court. The plaintiff alleged that GEICO and MSAA were both liable to him for breach of contract (counts two and three), breach of the implied covenant of good faith and fair dealing (count four), and their statutory bad faith refusal to settle the claims against them (count five); all of which arose from defendants' alleged refusal to compensate him for the injuries he sustained in the accident.[1]

## Motions to Sever and Stay Discovery

On November 30, 2023, GEICO moved to sever the breach of the implied covenant of good faith and fair dealing and the statutory bad faith claims from the breach of contract claim—and stay discovery for them—arguing that both *Zarrella v. Minnesota Mutual Life Insurance Company*, 824 A.2d 1249 (R.I. 2003), and *Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002), require such action.

---

[1] Count one of plaintiff's complaint is labeled "Statute of Limitations" where he simply states that he brings the current action "to protect any of the claims he has made in this action and any other legal rights he may have in the filing of this action that may depend on a determination by Kent County Superior Court in KC-2016-0625."

On December 28, 2023, MSAA also moved to sever and stay discovery relative to the same claims and primarily relied upon the same precedent as GEICO. The plaintiff objected separately to both motions, claiming that severing the claims would be an "abrogation" of his due process rights.

A justice of the Superior Court granted both motions to sever and stay discovery for the applicable claims on January 22, 2024. The pertinent orders were subsequently entered.

### Motion to Compel

On December 25, 2024, plaintiff filed a motion to compel GEICO to respond to his fifth request for the production of documents. Those requests generally sought documents pertaining to the negotiation and settlement of claims between GEICO, Johnson, and the Parks relating to the accident, to which GEICO objected. That motion was heard on January 13, 2025, after which the hearing justice denied the motion without prejudice, allowing plaintiff the opportunity to refile the motion in the event his claims survived the forthcoming motions for summary judgment.

### MSAA's Motion for Summary Judgment

MSAA moved for summary judgment on October 25, 2024. It categorized plaintiff's claim as one for underinsured motorist benefits and argued that, because it had only provided him with a "Business Owners' Policy" (the 2013 policy), it was

not required to provide plaintiff with any such coverage[2] and that, therefore, plaintiff could not recover on his breach of contract claim as a matter of law. As the breach of contract claim was futile, it further argued that the breach of the implied covenant of good faith and fair dealing and the statutory bad faith claims must also fail. MSAA attached the 2013 policy to its memorandum in support of its motion for summary judgment (exhibit 2), along with an affidavit from an authorized representative declaring it was a "true and accurate copy" of the policy issued to plaintiff.

The plaintiff thereafter filed an objection to MSAA's motion for summary judgment. He claimed that exhibit 2 was not provided to him in 2013 and he noted that it was not a true and accurate copy of the agreement because it was not signed. Although he provided copies of his previous policies for years prior to 2013, plaintiff did not attach what he asserted is an accurate copy of the 2013 policy for the time period when the accident occurred, and noted at a hearing that he did not have such a copy. Because he ostensibly disputed the authenticity of exhibit 2, plaintiff contended there was a question of fact regarding the language of the 2013 policy, which he asserted provided him with coverage for his claim. MSAA replied to that

---

[2] General Laws 1956 § 27-7-2.1 provides, essentially, that any insurer in this state that grants an insured "a policy that provides primary coverage for [an] insured motor vehicle" must "provide uninsured motorist coverage in an amount equal to the insured's bodily injury liability limits."

objection with an exhibit showing that plaintiff was sent a letter informing him that his previous policy was being renewed for the applicable coverage period and that "[t]he coverage and limits are the same as the expiring policy."

A hearing on MSAA's motion for summary judgment was held on February 10, 2025. The hearing justice noted that it was undisputed that plaintiff was provided a "Business Owners' Policy" by MSAA during 2013. Although he acknowledged that plaintiff claimed he was not in possession of the 2013 policy, the hearing justice determined that the policy did not include coverage for an automobile accident, because neither exhibit 2 provided by MSAA nor any of the previous policies submitted by plaintiff provided such coverage. The hearing justice found that the 2013 policy only insured plaintiff's liability risks associated with his business, and that it explicitly excluded auto coverage.

The hearing justice therefore granted MSAA's motion for summary judgment on all counts against it. A judgment to that effect entered on March 10, 2025. This appeal followed.

### GEICO's Motion for Summary Judgment

On October 18, 2024, GEICO moved for summary judgment on all counts alleged against it by plaintiff. It argued that G.L. 1956 § 27-7-2 prevents a plaintiff from bringing an action against an insurer directly for damages. GEICO additionally claimed that because there was no contractual relationship between plaintiff and

- 6 -

itself, nor had plaintiff received an assignment of rights from the Mathieus, it could not have breached any contract. Furthermore, because there was no contractual relationship between them, GEICO averred that it could not be found liable for a breach of the implied covenant of good faith and fair dealing or that it had acted in bad faith as a matter of law.

On December 31, 2024, plaintiff objected to GEICO's motion arguing that it was premature as the matter was still in discovery and that he had requested additional documents from GEICO, that GEICO's attempt to introduce documents from the related action was "prejudicial to [his] claims in this action[,]" and that he "believes and therefore asserts he has both first person and third person rights protected" under the Mathieus' policy.

GEICO replied to plaintiff's objection, noting that on December 4, 2024, plaintiff had settled his action against the Mathieus in the related action for a sum of $100,000. GEICO pointed to language in the release agreement that plaintiff released not just the Mathieus but also:

> "[A]ll other persons, firms and corporations of and from any and all actions, causes of action, claims and demands of whatever kind and nature which I now have or in the future may have because of personal injuries sustained by me, some of which are permanent in nature, and all damages consequential thereto, including but not limited to all claims for negligence, which I claim resulted from a motor vehicle accident that occurred on or about **September 30, 2013** on East Avenue in Warwick, Rhode Island involving a motor vehicle * * *."

GEICO contended that, because this release brought a close to the related action, which limited plaintiff's recovery to the policy limits of the Mathieus' policy, plaintiff could not recover in excess of that amount, as he may have been able to under *Asermely v. Allstate Insurance Company*, 728 A.2d 461 (R.I. 1999).

Thereafter plaintiff filed a "motion for an evidentiary hearing[,]" in which he argued that while negotiating the release agreement, GEICO sent him an alternative version excluding any of plaintiff's claims against GEICO. He relied on *Marr Scaffolding Co., Inc. v. Fairground Forms, Inc.*, 682 A.2d 455 (R.I. 1996), for the proposition that Rhode Island courts will look beyond the plain language of a release agreement and rather look toward the intention of the parties in determining whether such an agreement is applicable to an unnamed third party.

GEICO's motion for summary judgment was heard on February 10, 2025. The hearing justice issued a bench decision, noting that, under Rhode Island law, "insurance companies are not allowed to be made parties to a claim as it relates to a motor vehicle accident unless one of the exceptions is found" under § 27-7-2. Because none of those exceptions was met, the hearing justice determined that GEICO could not properly be a direct party to any of plaintiff's claims. He further found that there was no contractual relationship between plaintiff and GEICO, so there was no obligation for GEICO to provide him with "any benefit * * *." Additionally, because he was not an intended beneficiary and there was no

assignment of rights, the hearing justice found that plaintiff lacked any third-party rights to bring an action under the contract. Finally, the hearing justice determined that the release specifically included plaintiff's current claims against GEICO.

As a result, the hearing justice granted GEICO's motion for summary judgment. A judgment to that effect was entered, and plaintiff filed his notice of appeal on March 10, 2025.

## II

### Standard of Review

"This Court reviews *de novo* a decision of the Superior Court to grant summary judgment, applying the same rules and standards as those employed by the justice below." *Riccitelli v. Town of North Providence, by and through Vallee*, 308 A.3d 977, 981-82 (R.I. 2024) (quoting *Benaski v. Weinberg*, 899 A.2d 499, 502 (R.I. 2006)). "We will affirm a trial court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Bayview Loan Servicing, LLC v. Providence Business Loan Fund, Inc.*, 200 A.3d 153, 156 (R.I. 2019) (brackets omitted) (quoting *Cancel v. City of Providence*, 187 A.3d 347, 350 (R.I. 2018)).

## III

## Discussion

## MSAA's Motion for Summary Judgment

The plaintiff argues "that he entered a contractual relationship with the State of Rhode Island for the adjudication of [this matter] when the Clerk of the Kent County Superior Court processed [his] payment of the required fee and docketed his complaint on September 29, 2023." He states that, because the "proceedings failed to live up to [certain court rules, statutory provisions, and constitutional] requirements of said contractual relationship[,]" there was a violation of his "right to procedural and substantive due process." The plaintiff posits that these "violative" actions of the Superior Court warrant "review by the RI Supreme Court to avoid the violation of [his] due process right to a just, fair and speedy trial before a jury of his peers * * *."

In his supplemental statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, plaintiff provides this Court with what he claims is the "actual" 2013 policy, attached as exhibit K. He argues that the differences between exhibit 2 and exhibit K create "a genuine issue as to a foundational material fact[,]" which precludes disposition of the matter on summary judgment.

MSAA contends that plaintiff's breach of contract claim against it cannot stand as a matter of law because the 2013 policy "specifically excludes the risks associated with the ownership, operation, or entrustment of an automobile." It further notes that it is not required to provide any such coverage by law, because the 2013 policy is for business insurance and not auto insurance. Finally, it argues that the judgments on the breach of the implied covenant of good faith and fair dealing and the statutory bad faith claims were correctly entered in its favor because recovering on a breach of contract claim is a prerequisite.

"It is well settled that '[a]n insurance policy is contractual in nature.'" *Josephson, LLC v. Affiliated FM Insurance Company*, 314 A.3d 954, 959 (R.I. 2024) (quoting *Ajax Construction Company, Inc. v. Liberty Mutual Insurance Company*, 154 A.3d 913, 922 (R.I. 2017)). "In interpreting the contested terms of the insurance policy, we are bound by the rules established for the construction of contracts generally." *Id.* (quoting *Koziol v. Peerless Insurance Company*, 41 A.3d 647, 650 (R.I. 2012)). "It is also axiomatic that this Court 'shall not depart from the literal language of the policy absent a finding that the policy is ambiguous.'" *Id.* (quoting *Koziol*, 41 A.3d at 650). "As such, '[t]he terms of the policy shall be given their plain, ordinary, and usual meanings.'" *Id.* (quoting *Koziol*, 41 A.3d at 650). "An ambiguity in an insurance policy is strictly construed against the insurer." *Koziol*, 41 A.3d at 651.

- 11 -

After reviewing the terms of exhibit 2, we agree with MSAA. Under a heading titled "[e]xclusions[,]" exhibit 2 explicitly states: "This insurance does not apply to * * * '[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." A plain reading of that section indicates that the 2013 policy, as evidenced by exhibit 2, does not provide plaintiff with coverage for the personal injuries he suffered from the accident.

Exhibit 2 provides internal definitions of the terms "auto" and "bodily injury[,]" which further indicate that the 2013 policy does not provide plaintiff with the coverage he seeks. "Auto" is defined to include "[a] land motor vehicle, trailer or semitrailer designed for travel on public roads * * *." It strains credulity for this Court to believe that the 1995 Mazda plaintiff was operating, or any of the other vehicles involved in the accident, fail to meet the definition of "auto" in exhibit 2. Further, "[b]odily injury" is defined in exhibit 2 as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The circular definition provided by the 2013 policy—that "[b]odily injury" includes "bodily injury"—provides little assistance to this Court in determining the meaning of that term. However, a common definition of "bodily injury" is "[p]hysical damage to a person's body." Black's Law Dictionary 936 (12th ed. 2024). Here,

plaintiff's attempt to recover for physical injuries that he suffered as a result of an automobile accident is expressly excluded by the plain language of exhibit 2.

It appears plaintiff may have argued below that exhibit 2 was not an original copy because it was unsigned. We note that MSAA provided an affidavit of a qualified individual attesting to the authenticity of exhibit 2. It never claimed that exhibit 2 was the original signed copy; rather, it stated that it was a "true and accurate copy[,]" and it noted at the hearing on summary judgment that no one could locate the signed original policy, which it contended was not a genuine issue of material fact. We agree—it is undisputed that MSAA provided plaintiff with some type of insurance policy during 2013, and MSAA has provided a copy of the contract which is supported by an attestation that it is a true and accurate copy of said contract. Whether or not exhibit 2 is the original or simply a true and accurate copy is not a genuine issue of material fact.

It also appears that plaintiff may be arguing that exhibit 2 is not a true and accurate copy of the agreement. Although plaintiff may certainly assert such an argument, "[t]his Court has consistently declared that 'a party opposing summary judgment bears the burden of proving the existence of a disputed material issue of fact and, in so doing, has an affirmative duty to produce specific evidence demonstrating that summary judgment should be denied." *Estate of Cassiere v. Cassiere*, 246 A.3d 391, 397 (R.I. 2021) (quoting *Brochu v. Santis*, 939 A.2d 449,

452 (R.I. 2008)).  The plaintiff provided the Superior Court with a copy of a policy he received from MSAA that provided him coverage for 2011 (the 2011 policy).  However, in relevant part, the terms of the 2011 policy are almost identical to the terms of exhibit 2, and it includes the same auto exclusion provision using the same defined terms.

We need not, and indeed cannot, consider exhibit K, which plaintiff contends is the true and accurate copy of the 2013 policy.  "This Court is not a fact-finding body, and we review only the record that is certified pursuant to the Supreme Court Rules of Appellate Procedure." *West Warwick Housing Authority v. RI Council 94, AFSCME, AFL-CIO*, 277 A.3d 707, 716 (R.I. 2022).  Those rules provide that, "[t]he papers and exhibits filed in the trial court and the transcript of proceedings or electronic sound recordings thereof, if any, shall constitute the record on appeal in all cases." Article I, Rule 10(a) of the Supreme Court Rules of Appellate Procedure.  Exhibit K, which plaintiff now contends is the true and accurate 2013 policy, was not before the hearing justice and, therefore, is not properly before us now.[3]

Because plaintiff cannot succeed on his breach of contract claim, as his claim for coverage is expressly excluded by the 2013 policy, his claims for breach of the implied covenant of good faith and fair dealing and statutory bad faith also fail as a

---

[3] Even if this Court were to consider exhibit K, there is no language in it which expressly provides coverage for the accident.

- 14 -

matter of law. *See Zarrella*, 824 A.2d at 1261 ("Under Rhode Island law, however, a plaintiff first must show that he or she is entitled to recover on the contract before he or she can prove that the insurer dealt with him or her in bad faith."). Accordingly, we hold that the hearing justice did not err in granting MSAA's motion for summary judgment.

## GEICO's Motion for Summary Judgment

The plaintiff's argument on appeal relative to the grant of GEICO's motion for summary judgment is the same that he posed to MSAA's motion: he entered into a contract with the state by paying a filing fee when he initiated the action below, and because the "proceedings failed to live up to [certain court rules, statutory provisions, and constitutional] requirements of said contractual relationship" there was a violation of his "right to procedural and substantive due process."

GEICO contends that § 27-7-2 prevents an insurer from being named as a direct defendant in an action for damages against insureds, and thus plaintiff's current action is without merit. It further argues that the policy between GEICO and the Mathieus does not provide plaintiff with any benefit, whether as a first or third-party beneficiary, that he could directly sue under, nor have the Mathieus assigned any rights to plaintiff under the policy. Because of that, GEICO and plaintiff were adversaries and GEICO had no duty to provide any benefit to plaintiff.

- 15 -

Thus, GEICO contends that the hearing justice was correct in granting its motion for summary judgment.

In his supplemental Rule 12A statement, plaintiff takes issue with the hearing justice's determination that the release applied to GEICO. He presents no argument relative to the hearing justice's determination that § 27-7-2 prevented him from taking direct action against GEICO. As a result, plaintiff has waived any argument surrounding that determination. *See Richmond Square Capital Corporation v. Mittleman*, 773 A.2d 882, 888 (R.I. 2001) ("[I]ssues which have not been fully developed in argument to this Court are not subject to our review.").

Nevertheless, the law in Rhode Island is clear: "An injured party, or, in the event of that party's death, the party entitled to sue for that death, in the party's suit against the insured, shall not join the insurer as a defendant." Section 27-7-2. It is true that there are several exceptions to that general rule. *See id.* These include instances where (1) the service of process is returned "non est inventus[,]" (2) the insured has died before an action had been filed and probate proceedings have yet to start, (3) an insured dies while a claim against him or her is pending, or (4) a nonresident is involved in an automobile accident in Rhode Island as an operator or owner and dies before an action has commenced. *Id.* In these instances an injured party may "proceed directly against the insurer." *Id.* Additionally, an injured party

- 16 -

may proceed against an insurer when they have received a judgment in a separate action against the insured. *Id.*

None of those exceptions are present in this case. The record reveals that plaintiff brought a direct action against the named insureds, the Mathieus, and that matter was settled out of court without a judgment. It is apparent that the Mathieus were alive before and during the related action and service was not returned non est inventus. As a result, § 27-7-2 precludes plaintiff's current action against GEICO. Because we determine the hearing justice was correct in ruling in GEICO's favor on this ground, it is of no moment whether the release applied to GEICO. Additionally, because plaintiff cannot demonstrate there was a breach of contract, he cannot show that GEICO breached the implied covenant of good faith and fair dealing or that it acted in bad faith. *See Zarrella*, 824 A.2d at 1261.

Accordingly, we hold that the hearing justice did not err in granting GEICO's motion for summary judgment.

### Other Claims on Appeal

Because we have determined that the plaintiff cannot recover on any of his causes of action, we need not consider whether the hearing justice improperly severed the breach of the implied covenant of good faith and fair dealing or statutory bad faith claims, or his tentative denial of the plaintiff's motion to compel his fifth request for production of documents from GEICO. Indeed, those claims are now

- 17 -

moot. *See Capital Video Corporation v. Bevilacqua*, 338 A.3d 333, 337 (R.I. 2025) ("If this Court's judgment would fail to have a practical effect on the existing controversy, the question is moot, and we will not render an opinion on the matter.") (quoting *Evoqua Water Technologies LLC v. Moriarty*, 334 A.3d 429, 435 (R.I. 2025)). We further note that the plaintiff's motion to compel focused solely on matters pertaining to GEICO's communications and settlements with Johnson and the Parks regarding the accident, and not the Mathieus—whose policy he claims GEICO's liability stems from—thus, those documents would have no role relative to his breach of contract claim.

## IV

## Conclusion

For the reasons set forth herein, the judgments of the Superior Court are affirmed, and the record in this case shall be returned thereto.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Bryan Edward Menge v. GEICO General Insurance Company et al. |
| **Case Number** | No. 2025-158-Appeal. (KC 23-872) |
| **Date Opinion Filed** | July 1, 2026 |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, Long, and Flaherty (ret.), JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff: Bryan E. Menge, *pro se* |
| | For Defendants: Faith A. LaSalle, Esq. Jeffrey P. Finan, Esq. |